In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00146-CR

                                                ______________________________

 

 

                            VIRGLE WAYNE GRANBERRY,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the Sixth
Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 23820

 

                                                          
                                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Virgle Wayne
Granberry has filed a pro se notice of appeal from his conviction for aggravated
sexual assault of a disabled person.  On
our review of the clerk’s record, we noted that the trial court’s certification
of right of appeal stated that this was a plea agreement case and that Granberry
has no right of appeal.  

            Unless a
certification, showing that a defendant has the right of appeal, is in the
record, we must dismiss the appeal. 
See Tex. R. App. P.
25.2(d).  

            Because the
trial court’s certification affirmatively shows Granberry has no right of
appeal, and because the record before us does not reflect that the
certification is incorrect, see Dears v. State, 154 S.W.3d 610,
615 (Tex. Crim. App. 2005), we must dismiss the appeal.

            We
dismiss the appeal for want of jurisdiction. 


 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          August
2, 2011           

Date Decided:             August
3, 2011

 

Do Not Publish           

 

 

 

 






aph;
line-height:200%'>            We have
determined that this appeal is wholly frivolous.  We have independently reviewed the clerk’s
record and the reporter’s record, and we agree that no arguable issues support
an appeal.  See Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App.
2005).  

            In a
frivolous appeal situation, we are to determine whether the appeal is without
merit and is frivolous, and if so, the appeal must be dismissed or
affirmed.  See Anders, 386 U.S. 738.   We
affirm the judgment of the trial court, and grant counsel’s motion to withdraw.[1]

 

 

                                                                       Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          April
29, 2010

Date Decided:             April
30, 2010

 

Do Not Publish           











[1]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsel’s request to
withdraw from further representation of Berry in this case.  No substitute counsel will be appointed.  Should Berry wish to seek further review of
this case by the Texas Court of Criminal Appeals, Berry must either retain an
attorney to file a petition for discretionary review or Berry must file a pro
se petition for discretionary review. 
Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this Court.  See Tex.
R. App. P. 68.2.  Any petition for
discretionary review must be filed with this Court, after which it will be
forwarded to the Texas Court of Criminal Appeals along with the rest of the
filings in this case.  See Tex.
R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 68.4.